JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-01411-SSS-SPx | Date | October 2, 2024 |
|---|---|---|---|
| Title | *Michelle Gershen v Safeco Ins. Co. of Am., et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND [DKT. 10]**

## I.   INTRODUCTION

Defendant Safeco Insurance Company of America moves to remand this case to Riverside County Superior Court. [Dkt. 10]. Plaintiff Michelle Gershen did not oppose. Having reviewed Gershen's arguments, relevant legal authority, and record in this case, the unopposed motion is **GRANTED**.

## II.   BACKGROUND

This case is a breach-of-contract case related to a home insurance policy. In March 2023, a fire substantially damaged Gershen's home. She submitted a claim to Safeco under her insurance policy, which she alleges Safeco breached by failing to pay for the full restoration of her home. Gershen seeks an unspecified amount of compensatory damages, general damages, punitive or exemplary damages, attorneys' fees and costs, and prejudgment costs. [Dkt. 1-1, Compl. at 12–13].

Safeco removed this case from Riverside County Superior Court, alleging this Court has diversity jurisdiction over the case. [Dkt. 1-1, Not. of Removal ¶¶ 7–8]. Relevant here, Safeco alleges the amount in controversy exceeds the

$75,000 jurisdictional threshold. [*Id.* ¶¶ 7–8]. It alleges that "Safeco prepared a repair estimate in the amount of $383,764.52[,] and Plaintiff's contractor prepared a repair estimate in the amount of $383,764.52, before further disputes arose regarding the scope of work." [*Id.* ¶ 7 (citing Compl. ¶¶ 16–29)]. Moreover, Safeco alleges Gershen seeks unspecified general damages, punitive damages, and attorneys' fees. [*Id.* ¶ 7]. Based on these assertions, Safeco alleges the amount in controversy exceeds the jurisdictional threshold. [*Id.* ¶¶ 7–8].

Gershen now moves to remand this case to Riverside County Superior Court.

### III.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Any civil action brought in state court may be removed to federal court only if the federal court would have had subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). There are two types of federal subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. To establish diversity jurisdiction, the parties must be diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The amount in controversy is determined at the time of removal and includes "all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). While the amount in controversy is determined at the time of removal, it "does *not* mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Id.* at 417. A court may consider allegations in the complaint and notice of removal. *Id.* at 416. When the amount-in-controversy allegations are challenged, a defendant must offer summary-judgment-type evidence to show the amount in controversy exceeds the jurisdictional threshold. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). The removing defendant thus bears the burden of proving by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds the $75,000 threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

A motion to remand challenges the propriety of the removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). Considering the "strong presumption" against removal, the defendant carries the burden of proving that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."

*Moore-Thomas*, 553 F.3d at 1244.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## IV.   DISCUSSION

Gershen argues this case must be remanded because Safeco's calculation of the amount in controversy includes damages that are not being sought.  Gershen, does not specify what those damages are and why they are no longer being sought.  Safeco, however, did not respond to these arguments, and in fact, it did not even file an opposition.  The Court finds Safeco's failure to file an opposition as "consent to the granting" of this motion—that is, that it has failed to carry its burden of showing the amount in controversy exceeds the $75,000 jurisdictional threshold.  *See* C.D. Cal. R. 7-12.

## V.   CONCLUSION

For the above reasons, the motion to remand is **GRANTED**.  This case is remanded to Riverside County Superior Court.  The clerk is **DIRECTED** to close this case.[1]

**IT IS SO ORDERED.**

---

[1] In light of this order, the parties' stipulated request to remand this case based on their agreement to cap damages at an amount not to exceed $75,000 is **DENIED AS MOOT**.  [*See* Dkt. 12].